UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| CODY LEAVITT, | ) | |
| | ) | |
| Petitioner, | ) | 2:12-cv-00838-APG-NJK |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| DWIGHT NEVENS, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

Cody Leavitt, a Nevada prisoner, has submitted a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Before the court is petitioner's motion for bail pending collateral appeal (ECF #16). Respondents opposed the motion (ECF #18), and petitioner replied (ECF #19).

Petitioner has at least two other federal habeas petitions pending before this court. See 2:12-cv-00987-JCM-CWH; 2:12-cv-00625-MMD-NJK. The court notes that his motion for bail pending collateral appeal in the case that challenges the same conviction that is the subject of this petition was denied.[1] 2:12-cv-00625-MMD-NJK (ECF #18; motion for reconsideration denied at ECF #32).

In his forty-three-page motion, petitioner requests, pursuant to 18 U.S.C. § 3143(b), that he be released on bond pending determination of his "appeal." That federal statute provides that

> . . . a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or petition for a writ of certiorari, be detained, unless the judicial

---

[1] This habeas petition challenges the computation of time-served for the same conviction.

officer finds –

    (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . and

    (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in

    (I) reversal,
    (ii) an order for a new trial,
    (iii) a sentence that does not include a term of imprisonment, or
    (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 1343(b). Thus, bail pending a decision in a habeas case is reserved for extraordinary cases involving special circumstances or a high probability of success. *See Aronson v. May*, 85 S.Ct. 3, 5, 13 L.Ed.2d 6 (1964).

In this case, petitioner seeks to challenge the fact that under Nevada law house arrest does not constitute time "actually spent in confinement" for which the duration of a sentence may be credited. Nev. Rev. Stat. § 176.055; *State v. Second Judicial Dist. Court ex rel. County of Washoe*, 116 P.3d 834 (Nev. 2005). While petitioner seeks to challenge the constitutionality of that statute, which he asserts "abridg[es] the right for one to petition for redress," the bulk of his motion details his assertion that he had ineffective assistance of trial counsel in his underlying criminal matter. Petitioner has failed to demonstrate a high probability of success or that special circumstances exist. *Aronson*, 85 S.Ct. at 5. Accordingly, as petitioner has not shown that he he is entitled to release under the standard, this motion shall be denied.

**IT IS THEREFORE ORDERED** that petitioner's motion for bail pending collateral appeal (ECF #16) is **DENIED**.

Dated this 1st day of July, 2013.

_____
UNITED STATES DISTRICT JUDGE