UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CODY LEAVITT, | )<br>) |
| Petitioner, | )    2:12-cv-00838-APG-NJK<br>) |
| vs. | )    **ORDER**<br>) |
| DWIGHT NEVEN, *et al.*, | )<br>) |
| Respondents. | ) |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. The Court initially notes that petitioner has two other habeas corpus actions pending before this Court, filed at Case No. 2:12-cv-625-MMD-NJK and Case No. 2:12-cv-987-JCM-CWH. Petitioner is represented by counsel in those two actions. The petition filed in Case No. 2:12-cv-625-MMD-NJK challenges petitioner's conviction for battery with the use of a deadly weapon in Eighth Judicial District of Nevada Case No. C248756 and Nevada Supreme Court Case No. 57196. The petition filed in Case No. 2:12-cv-987-JCM-CWH challenges petitioner's conviction for child abuse and neglect in Eighth Judicial District Case No. C233866 and Nevada Supreme Court Case No. 57195. The instant action challenges petitioner's computation of time regarding credit for time served in Eighth Judicial District Case No. C233866 and Nevada Supreme Court Case No. 59048. Before the Court is respondents' motion to dismiss the petition (ECF No. 20) and several motions filed by petitioner (ECF Nos. 26, 27, 28, 30, 38, 45).

## I. Procedural History

On March 29, 2007, the State filed a criminal complaint against petitioner charging him with battery with the use of a deadly weapon, first degree kidnapping, sexual assault with a minor under fourteen years of age, and lewdness with a child under the age of fourteen. (Exhibit A).[1]  On May 31, 2007, a preliminary hearing was held in which petitioner was bound over to the Eighth Judicial District Court for the State of Nevada. (Exhibit D). On June 5, 2007, petitioner was charged by information, with the same crimes alleged in the criminal complaint, in Eighth Judicial District Case No. C-233866. (Exhibit C).

On June 17, 2008, petitioner filed a motion to be released or to reduce bond. (Exhibit E). On July 7, 2008, the court ordered petitioner to remain on house arrest until the commencement of trial scheduled for August 25, 2008. (Exhibit F). On October 14, 2008, the State filed an amended information against petitioner, charging him with one count of child abuse and neglect with substantial bodily harm. (Exhibit G). Also on October 14, 2008, a guilty plea agreement was filed, in which petitioner pled guilty to one count of child abuse and neglect with substantial bodily harm, as alleged in the amended information. (Exhibit H). On January 13, 2009, petitioner was sentenced to 60-180 months in the Nevada Department of Corrections, with 35 days credit for time served. (Exhibit J). The judgment of conviction was filed on January 29, 2009. (Exhibit K).

On May 13, 2011, petitioner filed a post-conviction habeas petition in the state district court challenging the computation of credit for time served. (Exhibit DD). Petitioner asserted that he

---

[1] The exhibits filed by respondents in the instant case are insufficient in that all relevant documents from the state court record were not included. (ECF No. 21, Exhibits A-H). The Court takes judicial notice of the exhibits filed in Case No. 2:12-cv-987-JCM-CWH, in which petitioner challenges the same conviction at issue in the instant case, Eighth Judicial District Court Case No. C233866. The Court notes that in Case No. 2:12-cv-987-JCM-CWH, the exhibits filed by respondents offer a more complete picture of the state court record, and therefore the Court utilizes the exhibits filed in that case. (ECF Nos. 49 & 50, Exhibits A-WW). Respondents are admonished for failing to file the all relevant portions of the state court record in the instant case, in compliance with this Court's order of January 7, 2013 (ECF No. 12) and Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.

should have been given credit for time served for the time he was on house arrest. (*Id.*). On August 19, 2011, the state district court filed findings of fact, conclusions of law, and an order granting in part and denying in part the petition. (Exhibit LL). The state district court reached the merits of the petition and ruled that credit for time served was allowed for time spent in jail, but not for time while a defendant is on house arrest, because house arrest is not considered confinement. (*Id.*). The court ruled that petitioner was entitled to three additional days of credit for time served while incarcerated prior to his conviction, for a total of 38 days credit for time served. (*Id.*). On December 2, 2011, the state district court filed an amended judgment of conviction, indicating that petitioner was given 38 days credit for time served. (Exhibit PP). Petitioner appealed from the state district court's order denying his petition asking for credit for time spent on house arrest. By order filed April 11, 2012, in Case No. 59048, the Nevada Supreme Court affirmed the denial of the habeas petition seeking credit for time spent on house arrest. (Exhibit VV). The Nevada Supreme Court ruled that the state district court erred in reaching the merits of the claims raised on the petition, because the petition was procedurally barred as untimely under NRS 34.726 and was barred for abuse of the writ under NRS 34.810(2). (*Id.*). The Court ruled that the petition was untimely by more than two years after the entry of the judgment of conviction on January 24, 2009. (*Id.*).

        Petitioner initiated the instant federal habeas action on May 17, 2012. On July 5, 2012, this Court issued an order noting that petitioner failed to submit a proper petition or application to *proceed in forma pauperis* and granting petitioner leave to file the same. (ECF No. 1). On July 10, 2012, petitioner filed his habeas petition. (ECF No. 3-1). On November 13, 2012, the Court entered an order requiring petitioner to show cause why this action should not be combined with petitioner's other cases filed in this Court. (ECF No. 9). On November 30, 2012, petitioner responded to the Court's order, stating that the instant action challenges computation of time and credit for time served in Eighth Judicial District Case No. C-233866. (ECF No. 10). By order filed January 7, 2013, the Court directed the Clerk to file the petition and directed the respondents to file a response

3

1 to the petition. (ECF No. 12). The petition was filed that same date. (ECF No. 13). The petition in
2 the instant action challenges petitioner's computation of time regarding the conviction for child
3 abuse and neglect in Eighth Judicial District Case No. C233866 and Nevada Supreme Court Case
4 No. 59048. (*Id.*). Specifically, petitioner contends that he should have been credited for time served
5 while he was on house arrest. (*Id.*). Respondents have filed a motion to dismiss the petition. (ECF
6 No. 20). Petitioner has filed responses to the motion to dismiss. (ECF Nos. 29 & 31). Respondents
7 have filed a reply to the responses. (ECF No. 32). Additionally, petitioner has filed several motions.
8 (ECF Nos. 26, 27, 28, 30, 38, and 45).

**II. Discussion**

    **A. Respondents' Motion to Dismiss**

Respondents move to dismiss the federal habeas petition as procedurally barred.

        **1. Procedural Default Principles**

In *Coleman v. Thompson*, 501 U.S. 722 (1991), the United States Supreme Court held that a state prisoner's failure to comply with the state's procedural requirements in presenting his claims bars him from obtaining a writ of habeas corpus in federal court by the "adequate and independent state ground" doctrine. *Coleman*, 501 U.S. at 731-32 ("Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance."). Where such a procedural default constitutes an adequate and independent state ground for the denial of habeas corpus relief, the default may be excused only "if a constitutional violation has probably resulted in the conviction of one who is actually innocent," or if the prisoner demonstrates cause for the default and prejudice resulting from it. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

A state procedural bar is "adequate" if it is "clear, consistently applied, and well-established at the time of the petitioner's purported default." *Calderon v. United States District Court (Bean)*,

96 F.3d 1126, 1129 (9th Cir. 1996) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)); *see also King v. Lamarque,* 464 F.3d 963, 966-67 (9th Cir. 2006).  A state procedural bar is "independent" if the state court "explicitly invokes the procedural rule as a separate basis for its decision."  *Vang v. Nevada*, 329 F.3d 1069, 1074 (9th Cir. 2003).  A state court's decision is not "independent" if the application of the state's default rule depends on the consideration of federal law.  *Park v. California*, 202 F.3d 1146, 1152 (9th Cir. 2000); *see also Coleman*, 501 U.S. at 735 (there is no independent state ground for a state court's application of procedural bar when the court's reasoning rests primarily on federal law or is interwoven with federal law).

### 2. The Issues Raised in the Federal Petition Were Procedurally Defaulted in State Court on Independent and Adequate State Grounds

In his federal petition, petitioner contends that he should have been credited for time served while he was on house arrest.  (Petition, ECF No. 13).  Petitioner raised the same claim in his state habeas petition filed May 13, 2011.  (Exhibit DD).  The Nevada Supreme Court ruled that the state district court erred in reaching the merits of petitioner's state habeas petition.  (Exhibit VV, at p. 2).  The Nevada Supreme Court explicitly cited NRS 34.726(1) and ruled as follows:

> In his petition filed on May 13, 2011, appellant sought credit for time spent on house arrest.  The district court denied the request because house arrest is not confinement pursuant to NRS 176.055.  See State v. Dist. Ct. (Jackson), 121 Nev. 413, 418-19, 116 P.3d 834, 837 (2005). Based on our review of the record on appeal, we conclude that the district court erred in reaching the merits of the claims raised in the petition because the petition was procedurally barred and the application of procedural bars is mandatory.  State v. Dist. Ct. (Riker), 121 Nev. 225, 231, 112 P.3d 1070, 1074 (2005).  Appellant's claim for additional presentence credit is a challenge to the validity of the judgment of conviction and sentence and such a claim is subject to the procedural time bar set forth in NRS 34.726(1).  See NRS 34.726(1) (providing that a petition that challenges the validity of the judgment of conviction and sentence must be filed within one year from entry of the judgment of conviction unless good cause is shown); Griffin v. State, 122 Nev. 737, 744, 137 P.3d 1165, 1169-70 (2006).  Appellant's petition was untimely filed as it was filed more than two years after the entry of judgment of conviction on January 24, 2009.  NRS 34.726(1). The petition was procedurally barred absent a demonstration of good cause – cause for the delay and undue prejudice.  Id.  Appellant failed to present an argument that he had cause for his delay.  Thus, the

5

> petition was procedurally bared, and we affirm the denial on that basis. See Wyatt v. State, 86 Nev. 294, 298, 468 P.2d 338, 341 (1970) (holding that a correct result will not be reversed simply because it was based on the wrong reason).

(Exhibit VV, at pp. 1-3) (footnotes omitted). In a footnote, the Nevada Supreme Court also found the petition procedurally barred on the basis of abuse of the writ, pursuant to NRS 34.810(2):

> Additionally, appellant's petition was an abuse of the writ pursuant to NRS 34.810(2) as it raised claims new and different from those litigated in his prior post-conviction petition for a writ of habeas corpus. See Leavitt v. State, Docket No. 57195 (Order of Affirmance, March 7, 2012). Appellant did not provide a good cause statement for why he could not litigate this claim for additional presentence credits in his first timely petition.

(Exhibit VV, at p. 2, n.3).

The Ninth Circuit has held that the Nevada Supreme Court's application of the timeliness rule in NRS 34.726(1) is an independent and adequate state law ground for procedural default. *Moran v. McDaniel*, 80 F.3d 1261, 1268-70 (9th Cir. 1996); *see Valerio v. Crawford*, 306 F.3d 742, 778 (9th Cir. 2002). The Ninth Circuit also has held that, at least in non-capital cases, application of the abuse of the writ rule of NRS 34.810(2) is an independent and adequate state ground for procedural default. *Vang v. Nevada*, 329 F.3d 1069, 1074 (9th Cir. 2003); *Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999). In the instant case, this Court finds that the Nevada Supreme Court's application of the procedural bars of NRS 34.726(1) and NRS 34.810(2) were independent and adequate grounds for the court's dismissal of petitioner's claim that he should have been credited for time served while he was on house arrest. Because the federal habeas petition asserts the same claim made in the procedurally defaulted state court habeas petition, the federal petition is procedurally barred from federal review and will be dismissed with prejudice unless petitioner can show cause and prejudice to excuse the procedural bar, or that failure to consider the defaulted claim will result in a fundamental miscarriage of justice.

/ / / / / / / / / / /

/ / / / / / / / / / /

6

### 3. Cause and Prejudice/Fundamental Miscarriage of Justice

To overcome the defense that a claim was procedurally defaulted in state court, a petitioner must establish either (1) cause for the default and prejudice attributable thereto, or (2) that failure to consider the defaulted claims will result in a "fundamental miscarriage of justice." *Harris v. Reed*, 489 U.S. 255, 262 (1989) (citations omitted).

To prove a "fundamental miscarriage of justice," petitioner must show that the constitutional error of which he complains "has probably resulted in the conviction of one who is actually innocent." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (citing *Murray v. Carrier*, 477 U.S. at 496). "Actual innocence" is established when, in light of all of the evidence, "it is more likely than not that no reasonable juror would have convicted [the petitioner]." *Bousley v. United States*, 523 U.S. at 623 (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. at 623. Petitioner can make a showing of "actual innocence" by presenting the court with new evidence which raises a sufficient doubt as "to undermine confidence in the result of the trial." *Schlup v. Delo*, 513 U.S. at 324.

To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488. For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McClesky v. Zant*, 499 U.S. 467, 497 (1991). With respect to the prejudice prong, the petitioner bears "the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989), citing *United States v. Frady*, 456 U.S. 152, 170 (1982). If the petitioner fails to show cause, the court need not consider whether the petitioner suffered actual

prejudice. *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Roberts v. Arave*, 847 F.2d 528, 530 n.3 (9th Cir. 1988).

In his responses to the motion to dismiss, petitioner has not addressed the issue of procedural default. Petitioner has not made a showing that this Court's failure to consider the procedurally defaulted claims will result in a fundamental miscarriage of justice. Petitioner also has not shown cause and prejudice to excuse the procedural default, as he has not asserted any reason for his failure to timely file his state petition seeking credit for time served on house arrest. This Court finds that the issues raised in the federal petition were procedurally defaulted in state court, and petitioner has failed to show either a fundamental miscarriage of justice, or cause and prejudice to excuse the procedural default. As such, the petition is barred from review by this Court and will be dismissed with prejudice.

### B. Petitioner's Motions

After respondents moved for dismissal of this case, petitioner filed a "motion for a more defenitive [sic] statement" concerning respondents' motion to dismiss. (ECF No. 26). Petitioner filed a "motion to dismiss the State's motion to dismiss." (ECF No. 30). Additionally, petitioner filed a "motion to strike . . . . scandalous and immaterial matter" from respondents' motion to dismiss. (ECF No. 28). These motions are denied as frivolous.

Petitioner filed a motion to re-characterize the instant action as a habeas petition filed pursuant to 28 U.S.C. § 2241, instead of 28 U.S.C. § 2254. (ECF No. 38). Petitioner's motion is denied because, regardless of whether the petition in this action is characterized as filed pursuant to § 2241 or § 2254, the issues raised in the petition must be dismissed with prejudice as procedurally barred, as discussed earlier in this order.

Additionally, petitioner has filed a motion to expand or develop the record. (ECF No. 27). "If the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition." Rule 7(a) of the Rules Governing Section 2254 Cases

1 in the United States District Courts. Because the Court is dismissing the petition with prejudice as
2 procedurally barred, petitioner's motion to expand or develop the record is denied.

3 Finally, petitioner filed a motion seeking an exemption from paying fees for using the
4 electronic docket in this case via PACER. (ECF No. 45). Petitioner's request is denied. However,
5 the Court directs the Clerk of Court to send petitioner a printout of the CM/ECF docket in this case.

## III. Certificate of Appealability

District courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). In order to proceed with his appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* In this case, no reasonable jurist would find this Court's dismissal of the petition debatable or wrong, and the questions presented do not need further proceedings. The Court therefore denies petitioner a certificate of appealability.

## IV. Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss the petition (ECF No. 20) is **GRANTED.** The petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE as procedurally barred**.

9

1 **IT IS FURTHER ORDERED** that petitioner's motion for "a more defenitive [sic] statement" (ECF No. 26), petitioner's "motion to dismiss strike . . . scandalous and immaterial matter" from respondents' motion to dismiss (ECF No. 28), and petitioner's "motion to dismiss" respondents' motion to dismiss (ECF No. 30) are **DENIED.**

**IT IS FURTHER ORDERED** that petitioner's motion to re-characterize the instant action as a habeas petition filed pursuant to 28 U.S.C. § 2241 (ECF No. 38) is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner's motion to expand or develop the record (ECF No. 27) is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner's motion for exemption from payment of the PACER user fee (ECF No. 45) is **DENIED.** After docketing this order and entering judgment, the Clerk of Court **SHALL SEND** petitioner a printout of the CM/ECF docket in this case.

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

**IT IS FURTHER ORDERED** that the Clerk **SHALL ENTER JUDGMENT ACCORDINGLY.**

Dated: March 17, 2014.

_____
UNITED STATES DISTRICT JUDGE